The petition, alleging a conspiracy on the part of three of the defendants to defeat the petitioner in the collection of a judgment obtained by him against one of them, against whom he had also caused to be issued and levied a fraudulent debtor's attachment on property of such defendant, including six bales of cotton, and setting forth alleged fraudulent acts by some of the defendants, in pursuance of the alleged conspiracy, to prevent the cotton from being subjected to the judgment, stated a cause of action for equitable relief for cancellation of a described mortgage on the cotton and to enjoin the sale of the cotton by the defendant sheriff under a foreclosure of the mortgage; and the court did not err in overruling the general demurrer of the defendants. Peoples Loan Co., v. Allen, 199 Ga. 537 (34 S.E.2d 811). See also Vaughn
v. Georgia Co-op. Loan Co., 98 Ga. 288 (25 S.E. 441).
Judgment affirmed. All the Justicesconcur.
 No. 15429. JUNE 4, 1946.
 STATEMENT OF FACTS BY DUCKWORTH, JUSTICE.
M. C. Barwick filed an equitable petition against C. H. Dixon, W. G. Walden, Bessie Kate Walden, and M. G. Whittle, sheriff of Richmond County, Georgia, alleging the following: G. H. Dixon is a resident of Jefferson County, Georgia, and W. G. Walden and Bessie Kate Walden are residents of Glascock County, Georgia. The defendant, W. G. Walden, is indebted to the petitioner in the sum of $600, and judgment has been obtained therefor in the Superior Court of Glascock County, Georgia. In addition to this, a fraudulent debtor's attachment has been issued and was, on September 11, 1944, levied on the entire crops of W. G. Walden, among other property being six bales of cotton in the S. M. Whitney Company *Page 746 
warehouse in Augusta, Georgia. On September 16, 1944, Bessie Kate Walden filed in the Superior Court of Glascock County a claim to such levy, a copy of which is attached to the petition as exhibit "A." Bessie Kate Walden gave a forthcoming bond to replevy the said property, a copy of which is attached to the petition as exhibit "B." The C. H. Dixon who signed the said forthcoming bond is the resident defendant named above. There appears on the records in the clerk's office of the Superior Court of Glascock County a bill of sale given by W. G. Walden to Sandersville Production Credit Company, bearing the date February 7, 1944, a mortgage to secure a loan of $600, the mortgaged property being as follows: all the crops of cotton, corn, and peanuts on the farm of W. G. Walden, consisting of 150 acres in the 1234th D. G. M. of Glascock County, bounded on the north by Mrs. J. T. McNeal and the Barrow Ford road, east by the Barrow Ford road; south by the Barrow Ford road; and west by J. S. Dye and State Highway No. 77; one black mare mule "Pete," 6 years old, weighing 1000 pounds; one light bay mare mule, "Ada," 10 years old, weighing 1000 pounds; one black bay mare mule, "Dolly," 6 years old, weighing 1000 pounds; one Guernsey red and white spotted milk cow, 800 pounds; two brood sows, mixed breed, weighing 200 pounds each; ten shoatie pigs, weighing 110 pounds; one two-horse wagon; one Avery cultivator; and all other farming tools and implements owned by the maker. All the property described in the said mortgage was levied upon by virtue of the petitioner's attachment and was claimed by Bessie Kate Walden as alleged above. When the sheriff sought to levy upon the mules of the said W. G. Walden, they were hidden away from him in Glascock County, and were finally spirited away from Glascock County by the defendant, C. H. Dixon, and placed in his lot. A levy was later made upon them by J. P. Faglie, a constable of Jefferson County, Georgia, but at last account they had been converted by the said C. H. Dixon. In the fall of 1943, the said C. H. Dixon sold the 150 acres above described to W. G. Walden under a bond for title and received a payment thereon of $600. As soon as the suit was started by the plaintiff against W. G. Walden, the latter made a voluntary deed to the land to his wife, Bessie Kate Walden, with the intention to hinder, delay, and defraud the petitioner in the collection of his debt. The petitioner alleges that a conspiracy *Page 747 
has been formed among the three defendants to defeat the collection of his judgment; and since they have failed to get back into their possession the six bales of cotton belonging to W. G. Walden, which were placed in the S. M. Whitney Company warehouse in Augusta, Georgia, in the name of Bessie Kate Walden, the following procedure has been adopted by them: W. G. Walden, upon paying Sandersville Production Credit Company, directs that the mortgage given by him to the said company be transferred an placed in the name of C. H. Dixon, so that prima facie Walden is the grantor and C. H. Dixon is the grantee. C. H. Dixon undertakes to foreclose the mortgage in Glascock County and forwards it to the sheriff of Richmond County, Georgia, with instructions to levy it on the six bales of cotton in the S. M. Whitney Company warehouse in Augusta, M. G. Whittle, as sheriff of Richmond County, is now advertising in that county that he will sell the six bales of cotton alleged to have been levied upon by him in the warehouse of S. M. Whitney Company in Augusta, and that such sale will be had by virtue of a mortgage foreclosure on May 1, 1945. As a matter of fact there has been no seizure of the said six bales of cotton, and a legal sale in any event could not be made of such property. The petitioner alleges that the said mortgage has been paid with the property of W. G. Walden, and that it is now functus officio. Such transfer of the same and the attempted levy and sale under process of the said transferee are void. However, since the said mortgage from W. G. Walden to Sandersville Production Credit Company, with a transfer thereon to C. H. Dixon, stands on the record to affect the rights of the petitioner in the collection of his judgment, a sale or attempted sale by the sheriff of Richmond County under these circumstances would further confuse the situation, and this would require a circuity of actions to place the petitioner in a position to collect his judgment against W. G. Walden. For all of these reasons, the petitioner says that a court of equity in the county of the residence of the alleged grantee or holder of the said mortgage should take jurisdiction of all the above matters, and in this proceeding settle the rights of all parties involved. To this end it is proper that M. G. Whittle, sheriff of Richmond County, be made a party to the proceeding, as well as the other three defendants named, Bessie Kate *Page 748 
Walden, the claimant of the property, W. G. Walden, the defendant in the plaintiff's judgment and maker of the paper sought to be cancelled, and C. H. Dixon, the alleged grantee in the paper.
The petitioner prays: 1. That process issue to the resident defendant, C. H. Dixon, requiring him to be and appear at the next term of the court to answer this bill in equity. 2. That second original and process issue, directed to the sheriff of Glascock County, requiring the defendants residing in Glascock County to be and appear at the next term of the court to answer this bill in equity. 3. That second original and second process be directed to the coroner of Richmond County, Georgia, for service upon the sheriff of Richmond County, Georgia, requiring him to be and appear at the next term of the court to answer this bill in equity. 4. That the said attempted sale of the property, described in the petition by the sheriff of Richmond County, be restrained. 5. That the mortgage originally made by W. G. Walden to Sandersville Production Credit Company, recorded on the records of Glascock County, and transferred to C. H. Dixon, be delivered up and cancelled. 6. That the property levied upon and attempted to be sold by the proceeding described above be declared to be in W. G. Walden and subject to the petitioner's judgment.
The defendants demurred to the petition on the following general grounds: 1. No cause of action is set forth against the defendants or any of them. 2. There is no equity in the petition. 3. It is apparent from the face of the petition that the petitioner has an adequate remedy at law against all of the defendants by the issuance of an execution based upon his alleged judgment and advertisement and sale to satisfy his alleged judgment under due process of law. 4. It is apparent from the face of the petition that the defendant, M. G. Whittle, as sheriff of Richmond County, is only a nominal party defendant, who is only discharging his duties imposed by law, and no permanent or adequate relief is prayed against him; and he, being a resident of a county different from that in which the action is pending, should be stricken as a party defendant.
The court, without passing upon certain special demurrers of the defendants, overruled all of the above grounds, and the exception here is to that judgment. *Page 749